KAUFMAN SEMERARO & LEIBMAN LLP
DEENA B. ROSENDAHL, ESQ. (N.J. ATTY. ID. 040181996)
Fort Lee Executive Park
Two Executive Drive, Suite 530
Fort Lee, New Jersey 07024
T: 201-947-8855
F: 201-947-2402
E: drosendahl@northjerseyattorneys.com
Attorneys for Plaintiff,, Maurice Portis

| | |
|---|---|
| MAURICE PORTIS, JANE & JOHN DOES 1-100,<br><br>      Plaintiff(s),<br><br>v.<br><br>MINDSET SOLUTIONS, ABC CORPORATIONS, JANE AND JOHN DOES 1-100,<br><br>      Defendant(s). | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>CIVIL ACTION<br><br>**COMPLAINT FOR UNPAID WAGES AND FOR COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Fed.R.Civ.P. § 8, Plaintiff Maurice Portis alleges as follows.

### INTRODUCTION

Plaintiff Maurice Portis ("Plaintiff") by and through his attorneys, Kaufman, Semeraro & Leibman, LLP, bring forth this Complaint against Mindset Solutions ("Mindset") for unpaid minimum and overtime wages under the Fair Labor Standards ("FLSA") (29 U.S.C. 201 *et seq*.) and the New Jersey Wage and Hour Law ("NJ Wage Law") (N.J.S.A. 34:11-56a-56a.38)**.**

### PARTIES

1.    Plaintiff Portis is a resident of New Jersey and is domiciled in New

1

Jersey, with a permanent address of 210 Governor Street, Apartment 402, Paterson, New Jersey 07501.

2. Plaintiffs Jane & John Does are similarly situated co-employees of Plaintiff, domiciled in New Jersey, who have also been subject to the wage and hour violations set forth in this Complaint. Plaintiff is permitted to file this action on their behalf pursuant to 29 U.S.C. § 216(b), as set forth below.

3. At all times relevant hereto, Defendant Mindset Solutions was the employer of Plaintiff and a corporation with a business address of 500 N. Rainbow Blvd., Suite 300A, Las Vegas, Nevada 89107, and also has a New Jersey place of business at 290 Chestnut Avenue, Newark, New Jersey 07105.

4. At all times relevant hereto, fictitious corporate defendants were parents, assigns, subsidiaries, or other corporate entities related to Defendant Mindset Solutions, and fictitious individual defendants were officers, directors, and/or agents of defendant entities.

## SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE

5. Pursuant to 28 U.S.C. §§ 1331, 1367(a), and F.R.C.P. § 4, the United States District Court for the District of New Jersey has subject matter and personal jurisdiction over Defendant because this Complaint arises under the FLSA and the New Jersey claims are part of the same controversy. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Newark Vicinage of the District of New Jersey because the events and omissions giving rise to this claim occurred in Newark, New Jersey.

## FACTUAL BACKGROUND

6. From approximately October 29, 2018 through December 27, 2019, Plaintiff was employed by Defendants as a sales representative selling subscriptions to Verizon Fios internet plans.

7. Defendants required Plaintiffs to appear for work at Defendants' business location at 290 Chestnut Avenue, Newark, New Jersey 07105 (the "Office") from approximately 11:30 am to 1:30 pm every weekday, initially to be trained and later, to act as a trainer of other employees.

8. Plaintiffs were not compensated for these approximately two (2) hours of work.

9. Plaintiffs were required to engage in door-to-door sales between the hours of 2:00 pm to 9:00 pm every weekday.

10. Plaintiffs obtained a commission payment for each contract obtained through door-to-door sales activity.

11. Notwithstanding, if Plaintiffs were late for any required training, the amount of their commission payment was reduced by $75.00.

12. Defendants' required Plaintiffs to pay a $400 deposit for use of an electronic tablet used in the course of work for Defendants.

13. Plaintiff Portis was terminated on December 27, 2019, allegedly for trading currencies during worktime on an electronic exchange. Defendants asserted that trading was not permitted while working for Defendants, which was the basis for Plaintiff' Portis's termination.

14. Defendants requirement that Plaintiffs report to work on specific days, at specific times, penalization for "tardiness," and Defendants' requirement that Plaintiff Portis not perform any other work or duties while conducting door-to-door sales evidence that Plaintiffs were not free from control or direction over the performance of their work and as a such, were improperly classified as an independent contractors.

### COUNT ONE
### UNPAID MINIMUM WAGES UNDER FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201, et seq.)

15. Plaintiffs incorporate paragraphs 1 through 14 of this Complaint as set forth in this count.

16. Defendants are an "employer" under the FLSA. 29 U.S.C. § 203(d).

17. The FLSA defines "employ" as "to suffer or permit to work." 29 U.S.C. § 203(g).

18. Participation in training programs are counted as working time unless <u>all</u> the following criteria are met:

   a. Attendance is outside of the employee's regular working hours;
   b. Attendance is in fact voluntary;
   c. The course, lecture, or meeting is not directly related to the employee's job; and
   d. The employee does not perform any productive work during such attendance.

   [29 C.F.R. § 785.27.]

19. Furthermore, 29 C.F.R. § 785.28 states that:

> Attendance is not voluntary, of course, if it is required by the employer. It is not voluntary in fact if the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by non-attendance.

20. Defendants required Plaintiffs to complete and engage in unpaid daily training (the "Unpaid Training Period") before the Plaintiffs engaged in door-to-door sales which were compensated on a commission basis, which was reduced if Plaintiffs were tardy for any training session.

21. As such, Plaintiffs were both explicitly told and led to believe that their present working conditions would be adversely affected by non-attendance of the Unpaid Training Period.

22. 29 C.F.R. § 785.29 states that "[t]he training is directly related to the employee's job if it is designated to make the employee handle his job more effectively as distinguished from training him for another job, or to a new or additional skill." The entire purpose of the Unpaid Training Period was to prepare Plaintiffs to perform the job for which they were training, door-to-door sales. By Defendants' design and definition, the Unpaid Training Period was required for Plaintiffs to handle his job, let alone handle it more effectively.

23. Plaintiffs performed "productive work" in the Unpaid Training Period as it prepared employees to effectively carry on door-to-door sales.

24. As set forth below, pursuant to 29 U.S.C. § 218(a), state and local standards for minimum wages that provide greater protection for workers take precedence over the FLSA.

25. Plaintiffs are not exempt from minimum wage payments under the

5

FLSA or the NJ Wage Law for the Training Period as independent contractors, as the employment relationship with Defendants fails to meet all elements under New Jersey's applicable "ABC test" of <u>N.J.S.A.</u> 43:21-19(i)(6):

    a.    Such individual has been and will continue to be free form control or direction over the performance of such service, both under his contract of service and in fact; and

    b.    Such service is either outside the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

    c.    Such individual is customarily engaged in an independently established trade, occupation, profession or business.

26.    Plaintiffs were required to attend the Training Period each and every workday at specific times, or they would suffer repercussions in the form of lost commissions paid on account of their door-to-door sales function. Therefore, Plaintiffs were not "free from control" by the Defendants.

27.    Plaintiffs were also required to perform door-to-door sales during specific times and days, and were required to use Defendants' equipment in performing their duties, rather than be permitted to use their own tools.

28.    Plaintiffs were employed by Defendants to fulfill the Defendants' purposes of training other employees and then engaging in door-to-door sales to obtain subscriptions for Verizon Fios online services. The uncompensated work during the Unpaid Training Period occurred at Defendants' office location. As such, the employment relationship fails to meet part "b" of the ABC test cited above.

## COUNT TWO
## MINIMUM WAGE UNDER NEW JERSEY'S WAGE AND HOUR LAW
## (N.J.S.A. 34:11-56a-56a.38)

29. Plaintiff incorporates paragraphs 1 through 28 as if fully set forth in this count.

30. As set forth above, pursuant to 29 U.S.C. § 218(a), state and local standards for minimum wages that provide greater protection for workers take precedence over the FLSA, including state law establishing a higher minimum wage than provided by Federal law.

31. Pursuant to the NJ Wage and Hour Law, the New Jersey minimum wage starting January 1, 2017, was $8.44 per hour. See 49 N.J.R. 3542(a).

32. Pursuant to the NJ Wage and Hour Law, the New Jersey minimum wage starting January 1, 2018, was $8.60 per hour. See 49 N.J.R. 3542(a).

33. Pursuant to the NJ Wage and Hour Law, the New Jersey minimum wage starting January 1, 2019, was $8.85 per hour. See N.J.S.A. 34:11-56a4.

34. At a minimum, Plaintiff Portis is owed by Defendants all unpaid minimum wages for the Unpaid Training Period for the period between October 29, 2018 through December 27, 2019, which is approximately $5,059.40.

## COUNT THREE
## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT
## (29 U.S.C. § 216(b))

35. Plaintiffs incorporate paragraphs 1 through 34 on behalf of all similarly-situated employees of Defendants as if fully set forth in this count.

36. The FLSA states that "an action... may be maintained against any

employer... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated..." 29 U.S.C. § 216(b).

37. The class members in Plaintiffs' Unpaid Training Period are all similarly- situated under the FLSA. They were all required to train for the same door-to-door sales, and they did not receive minimum wage for this employment.

38. Defendants have conducted the Unpaid Training Period for a period of time which pre-dated Plaintiff's employment.

39. Class members from prior training periods at Defendants are similarly-situated to Plaintiff under the FLSA for the same reasons that class members with Plaintiff in the Unpaid Training Period are similarly-situated.

40. Defendants' failure to pay minimum wages for the Unpaid Training Period, and during all prior training periods, was part of a collective policy or plan, as evidenced by Defendants' representatives statements and requirements to Plaintiff (and his co-workers).

## DEMAND FOR RELIEF

Pursuant to the above counts of this Complaint, Plaintiffs demand relief as follows:

A. Past due minimum wages for three years from the date of this Complaint for Defendants' knowing and willful violation of the FLSA.

B. Past due minimum wages for two years from the date of this Complaint under the FLSA and six years under the NJ Wage Law.

C. An additional amount equal to past due minimum wages, as liquidated

damages. 29 U.S.C. § 216(b).

D.  Attorneys' fees and costs under the FLSA and the New Jersey Wage & Hour Law.

Pursuant to count three of the complaint, Plaintiffs and similarly-situated class members demand relief as follows:

A.  Collective action certification under the FLSA.

B.  An order requiring Defendants to produce the names and mailing addresses of any employee who engaged in the Unpaid Training Period, and any other prior unpaid training periods for Defendants.

C.  An order authorizing Plaintiffs to serve all potential class members of the FLSA collective action with a Court-approved "opt-in" notice and requiring Defendants to place such notice in class members' paychecks (if they are still employees of Defendants) for a period of not less than two months.

D.  Liquidated damages.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 37, Plaintiffs demand trial by jury.

Dated:  May 4, 2020                                *Deena B. Rosendahl*

                                          DEENA B. ROSENDAHL, ESQ.